1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  DAVID R. CALLAWAY (CABN 121782)
   Assistant United States Attorney
5
        450 Golden Gate Ave., Box 36055
6       San Francisco, California 94102
        Telephone: (415) 436-6991
7       Fax: (415) 436-7234
        E-Mail: David.Callaway@usdoj.gov
8
   Attorneys for Plaintiff
9
                  UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12
   UNITED STATES OF AMERICA,            )    No. CR 11-0686 JW
13                                       )
             Plaintiff,                  )    **STIPULATION AND [PROPOSED]**
14                                       )    **PROTECTIVE ORDER**
        v.                               )
15                                       )
   SHARON WANG,                          )
16      a/k/a Suhua Wang,                )
        a/k/a Stephanie Sun, and         )
17 HEATHER YIN,                          )
                                         )
18           Defendants.                 )
                                         )
   _____)
19

20      Pursuant to Fed. R. Crim. P. 16(d), the United States and the defendants, through their

21 undersigned counsel, hereby stipulate and agree that the Court should issue the proposed

22 Protective Order requiring that all documents and other materials produced by the government to

23 the defense be subject to the following conditions:

24      1.    Protected Material

25      The government has already produced a sizeable volume of documents in this case. Portions

26 of the discovery include confidential financial information relating to third parties. Other portions,

27 not yet turned over, include investigative reports that the government believes it is not yet required

28 to produce under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. §

**STIPULATION RE: PROTECTIVE ORDER**
**ORDER THEREON**

3500 ("Jencks Materials").

To expedite discovery, and avoid any potential delay which might result from redacting confidential information from the documents prior to their production, or from the government choosing to delay the production of Jencks Material until a date closer to trial, the parties have agreed that, at present, all documents and materials produced by the government shall be deemed "Protected Material."

Possession of copies of the Protected Material shall be limited to the defense counsel, including any investigators, paralegals, law clerks, assistants and other persons, except for the defendants themselves, who are within the attorney-client privilege (hereinafter collectively referred to as "members of the defense team"). The defendants may review all documents produced by the government under this Order, but shall not be permitted to retain copies. Members of the defense team may use the Protected Material for any lawful purpose consistent with defending against the allegations in the Indictment, including showing copies of the Protected Material to witnesses or prospective witnesses. Members of the defense team agree, however, not to share or provide copies of the Protected Material to other persons.

Pursuant to Fed. R. Crim. P. 16(d)(1), the parties may, for good cause shown, seek an order modifying this Protective Order to, for example, exclude certain documents from the category of Protected Material, and nothing about this stipulation and order shall constrain the ability of the parties to seek, or the ability of the Court to grant, such relief.

2. Court Filings

The parties further agree that they will make good faith efforts to undertake all reasonable and practicable steps to prevent the public disclosure in court filings of confidential information (including, but not limited to, social security numbers, phone numbers, addresses, email addresses, driver license numbers) that is contained in the Protected Material. Such steps may include, but are not limited to, filing under seal, redacting or coding the information.

3. Return of Protected Material

Members of the defense team shall return all Protected Material provided pursuant to this Protective Order to the government within ninety (90) calendar days after any one of the following

**STIPULATION RE: PROTECTIVE ORDER
ORDER THEREON**

events, whichever occurs latest in time: (a) dismissal of all charges against the defendant represented by those members of the defense team; (b) defendant's acquittal after trial by court or jury; (c) if defendant is convicted, the expiration of the time period in which a direct appeal may be taken; (d) if a direct appeal is taken, the date on which any such appeal is finally determined; and, (e) expiration of time for the defendant's application for habeas corpus relief.

The government will maintain a copy of all Protected Material in compliance with its normal document retention policies.

DATED: January 3, 2012

    MELINDA HAAG
    United States Attorney

       /s/
    _____
    DAVID R. CALLAWAY
    Assistant United States Attorney

DATED: January 3, 2012

       /s/
    _____
    THOMAS J. NOLAN, ESQ.
    Nolan, Barton & Armstrong
    Counsel to Sharon Wang

DATED: January 3, 2012

       /s/
    _____
    DORON WEINBERG
    Counsel to Heather Yin

## PROTECTIVE ORDER

Pursuant to the stipulation of the parties, and good cause appearing therefor,

IT IS HEREBY ORDERED that documents produced by the government to the defense counsel in the captioned case shall be governed by the terms of the foregoing stipulation.

DATED: January 17, 2012

_____
THE HONORABLE JAMES WARE
United States District Judge

**STIPULATION RE: PROTECTIVE ORDER
ORDER THEREON**