**Not for Publication**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br>SHARON WANG,<br><br>        Defendant.<br>_____/ | No. CR-11-686 JW (NJV)<br><br>**REPORT AND RECOMMENDATION RE: FILING OF MOTION PAPERS**<br><br>(Doc. No. 22) |

      On January 31, 2012 Judge Ware referred this case to the undersigned for a Report and Recommendation to determine whether "Judge Ware has to do anything out of the ordinary with regards to the filing of the motion papers." (Doc No. 22). Thereafter, this Court held hearings on April 11, 2012 (Doc. No. 38) and on May 17, 2012 (Doc. No. 54) to allow defendant to have state court documents and transcripts unsealed for the Court's review, and to determine the scope of the referral.

      This case has a long and convoluted procedural history in state court. Originally the matter was filed in the San Mateo Superior Court where state criminal conducted was alleged (*People of the State of California v. Suhua Wang,* San Mateo County Case No. NF374283A) ("*People v. Wang*"). During a motion to dismiss held before the Honorable Elizabeth Lee, testimony was taken that during the service of a state search warrant at Wang's residence on April 3, 2008, Daly City law

enforcement officers uncovered two envelopes marked "for my attorney only." With the approval of the San Mateo District Attorneys' Office, the detectives seized the envelopes, reviewed their contents, analyzed the information in their reports, and used the information to further the criminal investigation of the defendant. Judge Lee ruled that Wang's Sixth Amendment rights were violated by the seizure and subsequent distribution of the information, but that dismissal was not the appropriate remedy. (*People v. Wang*, June 4, 2009 Order.) Instead, Judge Lee ordered that (1) all members of the Daly City Police Department be recused from the investigation; (2) all members of the San Mateo County District Attorneys' Office be recused from the investigation and prosecution; (3) all police reports prepared by Daly City Police Department personnel and contents thereof describing investigative activities after the search and seizure of the privileged documents be suppressed; (4) the police report describing the search and seizure of the privileged documents be suppressed; and (5) the privileged documents be suppressed. (*Id*.) The San Mateo District Attorney's Office moved to dismiss the case for lack of prosecution, and Judge Lee ordered the case dismissed on June 4, 2009. (*Id*.; *see also generally* Doc. No. 24 (Defendant's Feb. 3, 2012 Letter Brief.))

On September 21, 2011 defendant Wang was indicted by the United States Attorney's Office for the Northern District of California on seventeen counts of conspiracy to commit bank fraud, bank fraud, and aggravated identity theft in violation of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. (Doc. No. 1). At a trial setting hearing before Judge Ware, Wang indicated that she planned to move to dismiss the federal charges because her Sixth Amendment rights were violated by the seizure, dissemination and use of privileged information in 2008. (Doc. No. 24 at 2.) As noted above, Judge Ware referred the matter to the undersigned to determine whether anything out of the ordinary needed to be done in connection with this anticipated motion to dismiss. (Doc. No. 22.)

As a preliminary step, both parties agreed that a "taint attorney" should represent the Government throughout the motion to dismiss proceedings, and Assistant United States Attorney Fry appeared in the matter. After this was accomplished, however, the parties could not agree on what other steps might be appropriate, if any. Counsel for defendant argues that the state and federal

2

investigations and the subsequent prosecutions of the defendant not only overlapped in terms of subject matter and timing, but were to some extent a coordinated effort between state and federal law enforcement officials. (Doc. No. 24 at 2.) Defendant Wang argues that the taint from the disclosure of privileged information to both state and federal law enforcement agents was so egregious and pervasive that it requires the moving papers with exhibits, the Government's response, and the courtroom be sealed for her motion to dismiss. The Government takes a more nuanced approach, arguing that only those "portions [of the pleadings] or if necessary, an entire brief should be filed under seal if discussions of privileged matters are included. But legal issues, like the burden of proof for a motion to dismiss, and related case law, should be filed publically." (*See* Doc. No. 36 (Government's March 14, 2012 Letter Brief) at 2.) In regards to the sealing of the courtroom, the Government urges the Court to follow the same logic, arguing that "the hearing should only be closed when the contents of privileged material is to be discussed." (*Id.*)

There is a presumption that the public has a right of access to criminal proceedings and documents filed therein. *CBS, Inc. v. U.S. District Court*, 765 F.2d 823, 825 (9th Cir. 1985) (citing *Associated Press v. U.S. District Court*, 705 F.2d 1143, 1145-46 (9th Cir. 1983)). This right is grounded in both the First Amendment and common law, and applies to pretrial proceedings as well as the trial itself. *Id.*; *see also Seattle Times Co. v. U.S. District Court*, 845 F.2d. 1513, 1515-17 (9th Cir. 1988) (noting that the Ninth Circuit has held that the public has a qualified First Amendment right of access to pretrial hearings and documents). The right to access nonetheless can be curtailed where overriding interests justify closure, for example, to ensure a defendant's Sixth Amendment right to a fair trial. *United States v. Brooklier*, 685 F.2d 1162, 1171 (9th Cir. 1982). The Ninth Circuit has developed three separate substantive tests that must be satisfied to justify abrogating the public's right of access:

1. There must be "a substantial probability that irreparable damage to the defendant's fair trial right will result if the documents are not sealed." *Seattle Times*, 845 F.2d at 1517 (citations omitted). Wang's motion to dismiss will focus on the contents of two envelopes that were marked "for my attorney only" but nonetheless seized and used to further a criminal investigation. The

3

1 parties will argue whether those documents in fact were privileged, and will trace how the
2 information was shared with federal investigators and used in the federal investigation. Wang
3 should not be forced to have any privileged materials disseminated through public filings or open
4 court. Moreover, Wang is concerned that she could be accused of spreading the taint if she were to
5 inadvertently refer to the material. Finally, it can be argued that these statements could amount to
6 self-incrimination. Wang's concerns meet this first test.

7     2. There must be "a substantial probability that alternatives to closure will not adequately
8 protect the right to a fair trial." *Id*. at 1518 (citations omitted). The risk of both disclosing attorney
9 client materials and spreading the taint can only be addressed by sealing the documents and closing
10 the courtroom.

11     3. There is "a substantial probability that closure will be effective in protecting against the
12 perceived harm." *Id*. (citations omitted); *see also In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th
13 Cir. 2008) (articulating similar test to analyze whether any compelling interest justifies closure, in
14 case dealing with safety of cooperating witness and other persons involved in investigation into drug
15 cartel). Sealing the documents and courtroom will prevent further disclosure of any attorney-client
16 information and will foreclose any argument that Wang is spreading the taint.

17     Here, any right to access to these pretrial proceedings should be abrogated because Wang has
18 satisfied the three applicable Ninth Circuit tests. The undersigned accordingly recommends to the
19 District Court that the pleadings and the courtroom be sealed for defendant's motion to dismiss.
20 Given the issue of taint raised by the defendant, and her assertion that the taint not only
21 compromised the state investigation but also the federal investigation, it is appropriate to err on the
22 side of sealing these proceedings. Although in theory it would be possible to proceed in the more
23 nuanced manner advocated by the Government, given the centrality of the privileged documents to
24 this motion, and the need to examine what information from these documents spread to the federal
25 investigation and how it was used by federal investigators, the undersigned does not believe a more
26 nuanced approach would be effective or prudent. As Judge Kozinski observed in *Copley Press*, "It's
27 rarely possible to justify one secret without telling other secrets." (*Copley Press*, 518 F.3d at 1027).
28

4

The undersigned further recommends that after the hearing and the Court's ruling on the motion to dismiss, the Court shall entertain a motion to unseal all documents and testimony that do not meet the above criteria for sealing.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C). Failure to file objections within the specified time may waive the right to appeal the district court's order.

Dated: May 31, 2012

_____
NANDOR J. VADAS
United States Magistrate Judge

5